# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>EON DEMETRIUS DON OWENS,<br><br>        Defendant. | Case No. 3:23-cr-00026-SLG-KFR |

### ORDER RE DEFENDANT'S MOTION TO DISMISS INDICTMENT

Before the Court at Docket 24 is *Defendant's Motion to Dismiss Indictment*. The Government responded in opposition at Docket 31.

Mr. Owens seeks an order dismissing Count 3 of the Indictment, which charges him with being a Felon in Possession of a Firearm, in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Association v. Bruen*.[1] In *Bruen*, the Supreme Court held that

> when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.[2]

---

[1] 142 S. Ct. 2111 (2022); Docket 24 at 1; Docket 24-1 at 1; Docket 2 at 3.

[2] 142 S. Ct. at 2126.

Mr. Owens, who is a felon, asserts that 18 U.S.C. § 922(g)(1) "is unconstitutional under the Second Amendment, both facially and as applied" to him.[3] The § 922(g)(1) charge in Count 3 is based on Mr. Owens's prior conviction for Possession of a Controlled Substance with Intent to Distribute.[4] In the instant case, Anchorage police officers found a stolen firearm in "a green backpack that Mr. Owens was carrying," along with methamphetamine, fentanyl, suboxone, and a large quantity of cash.[5] Mr. Owens maintains that his "alleged possession of a loaded firearm is consistent with use by a citizen in defense of self, home, and personal property," and that § 922(g)(1) is unconstitutional as applied to him because his alleged conduct "is clearly protected by the plain text of the Second Amendment."[6] In support of his position, Mr. Owens cites to *United States v. Rahimi*,[7] a Fifth Circuit case, which held that 18 U.S.C. § 922(g)(8), a federal statute prohibiting possession of firearms by someone subject to a domestic violence restraining order, was unconstitutional because it was inconsistent with historical tradition.[8] Therefore, he contends, Count 3 of the Indictment must be dismissed.

---

[3] Docket 24 at 1.

[4] Docket 2 at 3. Mr. Owens asserts that he is "not disputing the prior conviction set forth [in the Indictment] for the purposes of this motion." Docket 24 at 2 n.1.

[5] Docket 24 at 3.

[6] Docket 24 at 4, 20 (citing *Bruen*, 142 S. Ct. at 2129-30).

[7] 61 F.4th 443 (5th Cir. 2023), *cert. granted*, No. 22-915, 2023 WL 4278450 (U.S. June 30, 2023).

[8] Docket 24 at 5-7.

Case No. 3:23-cr-00026-SLG-KFR, *USA v. Owens*
Order re Defendant's Motion to Dismiss Indictment
Page 2 of 8
Case 3:23-cr-00026-SLG-KFR   Document 34   Filed 08/17/23   Page 2 of 8

The Government responds that Ninth Circuit precedent in *United States v. Vongxay*,[9] which held that § 922(g)(1) does not violate the Second Amendment, is binding on this Court.[10] The Government further asserts that Mr. Owens's as-applied challenge is meritless because his "conviction for drug trafficking 'fits squarely within [the] category of crimes' that can trigger constitutionally valid regulation of firearms possession."[11]

## I. Second Amendment jurisprudence prior to *Bruen*

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."[12] Like other constitutionally protected rights, the right to bear arms is "subject to certain reasonable, well-defined restrictions."[13] In other words, "[l]ike most rights, the right secured by the Second Amendment is not unlimited."[14] Limitations on the Second Amendment were recognized prior to *Bruen*; as relevant here, the Supreme Court and the Ninth Circuit have consistently acknowledged that the Second Amendment's protections do not extend to the possession of firearms by felons.

---

[9] 594 F.3d 1111 (9th Cir. 2010).

[10] Docket 31 at 1-2, 5-7.

[11] Docket 31 at 11 (quoting *United States v. Alaniz*, 69 F.4th 1124, 1130 (9th Cir. 2023)).

[12] U.S. Const. amend. II.

[13] *Bruen*, 142 S. Ct. at 2156 (citing *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008)).

[14] *Heller*, 554 U.S. at 626.

Case No. 3:23-cr-00026-SLG-KFR, *USA v. Owens*
Order re Defendant's Motion to Dismiss Indictment
Page 3 of 8
Case 3:23-cr-00026-SLG-KFR   Document 34   Filed 08/17/23   Page 3 of 8

In *District of Columbia v. Heller*, the Supreme Court extensively reviewed the pre- and post-Second Amendment history of firearms rights in the United States. The Supreme Court held that Washington, D.C.'s ban on handgun possession within the home violated the Second Amendment.[15] In so holding, the Supreme Court emphasized that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."[16] The Supreme Court stated that the prohibition on the possession of firearms by felons was "presumptively lawful."[17] Two years later, in *McDonald v. City of Chicago*, the Supreme Court explained that "[w]e made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons . . . .'"[18]

The Ninth Circuit has relied on *Heller* and *McDonald* to uphold the constitutionality of §§ 922(g)(1) and 924(a)(2). In *United States v. Vongxay*, the Circuit held that "§ 922(g)(1) does not violate the Second Amendment as it applies to Vongxay, a convicted felon."[19] The Circuit recognized that "the historical question has not been definitively resolved," but noted that "most scholars of the Second Amendment agree that the right to bear arms was 'inextricably . . . tied to' the concept

---

[15] *Id*. at 635.

[16] *Id.* at 626.

[17] *Id.* at 627 n.26.

[18] 561 U.S. 742, 786 (2010) (quoting *Heller*, 554 U.S. at 626-27).

[19] 594 F.3d at 1118.

Case No. 3:23-cr-00026-SLG-KFR, *USA v. Owens*
Order re Defendant's Motion to Dismiss Indictment
Page 4 of 8
Case 3:23-cr-00026-SLG-KFR   Document 34   Filed 08/17/23   Page 4 of 8

of a 'virtuous citizen[ry]' that would protect society through 'defensive use of arms against criminals, oppressive officials, and foreign enemies alike,' and that 'the right to bear arms does not preclude laws disarming the unvirtuous citizens (i.e. criminals).'"[20] In *Van Der Hule v. Holder*, the Circuit held that "§ 922(g)(1) continues to pass constitutional muster."[21] And in *United States v. Phillips*, the Ninth Circuit stated that, "under Supreme Court precedent and our own," the court "must" "assum[e] the propriety of felon firearm bans."[22]

Prior to *Bruen*, other circuits also recognized that federal statutes criminalizing felons possessing firearms did not violate the Second Amendment. After *Heller*, the Courts of Appeals have unanimously upheld the constitutionality of § 922(g)(1) against facial attacks.[23]

## II. The *Bruen* framework

After *Heller*, many circuits used a two-step test when considering whether a statute or regulation comported with the Second Amendment.[24] In *Bruen*, however,

---

[20] *Id.* (alterations in original) (quoting Don B. Kates, Jr., *The Second Amendment: A Dialogue*, 49 Law & Contemp. Probs. 143, 146 (1986)); *see also id.* at 1117 (stating that "[f]elons are often, and historically have been, explicitly prohibited from militia duty" (citation omitted)).

[21] 759 F.3d 1043, 1051 (9th Cir. 2014).

[22] 827 F.3d 1171, 1175 (9th Cir. 2016).

[23] *See, e.g.*, *United States v. Bogle*, 717 F.3d 281, 282 n.1 (2d Cir. 2013) (collecting cases).

[24] See *Bruen*, 142 S. Ct. at 2126-27, for a discussion on the two-step analysis.

Case No. 3:23-cr-00026-SLG-KFR, *USA v. Owens*
Order re Defendant's Motion to Dismiss Indictment
Page 5 of 8
Case 3:23-cr-00026-SLG-KFR   Document 34   Filed 08/17/23   Page 5 of 8

the Supreme Court held that the two-step test was "one step too many"[25] and instead announced a single-step analysis:

> when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.[26]

Despite this change in the Second Amendment analytical framework, nothing in *Bruen* indicates that the Supreme Court has repudiated its earlier pronouncements that the Second Amendment's protections do not extend to felons. The *Bruen* Court explained that *Heller* does not support the two-step means-ends scrutiny applied by the circuit courts,[27] but it did not alter *Heller*'s statement that the prohibition of firearms by felons is "longstanding" and "presumptively lawful."[28] Indeed, the *Bruen* majority noted that the holding is "in keeping with *Heller*."[29] Justice Kavanaugh, joined by Chief Justice Roberts, stated that *Bruen* does not disturb what the Court said in *Heller* about the restrictions imposed on possessing firearms, namely the "longstanding prohibitions on the possession of firearms by felons."[30] Justice Alito stated in his

---

[25] *Id.* at 2127.

[26] *Id.* at 2126.

[27] *Id.* at 2127.

[28] *See United States v. Ingram*, Case No. 0:18-557-MGL-3, 2022 WL 3691350, at *2 (D.S.C. Aug. 25, 2022) ("The Court agrees with the government that *Bruen* clarified and 'reiterated[,]' rather than modified, the constitutional ruling in *Heller*.").

[29] 142 S. Ct. at 2126.

[30] *Id.* at 2162 (Kavanaugh, J., concurring) (citation omitted).

Case No. 3:23-cr-00026-SLG-KFR, *USA v. Owens*
Order re Defendant's Motion to Dismiss Indictment
Page 6 of 8
Case 3:23-cr-00026-SLG-KFR   Document 34   Filed 08/17/23   Page 6 of 8

concurrence: "Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . ."[31] Justice Breyer, joined by Justices Kagan and Sotomayor, stated that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting firearms possession by felons.[32]

As the Government points out, this Court has previously held that § 922(g)(1) remains valid post-*Bruen* and in light of Ninth Circuit precedent.[33] The Court does not find *Rahimi*, which was decided by a different Court of Appeals and on a different statute, to warrant changing the Court's analysis and disregarding controlling Ninth Circuit precedent. Accordingly, the Court maintains its holding.

The Court further rejects Mr. Owens's contention that § 922(g)(1) is unconstitutional as applied to him. While Mr. Owens characterizes his possession of a firearm as "self-defense at private residential grounds,"[34] the Court finds that explanation incongruous with the fact that the firearm was found in a backpack with illegal drugs and a large amount of cash, and the fact that Mr. Owens has a previous conviction for drug trafficking. Mr. Owens does not cite to any case law standing for the proposition that a felon convicted of drug trafficking, a crime that "plainly poses

---

[31] *Id.* at 2157 (Alito, J., concurring).

[32] *Id.* at 2189 (Breyer, J., dissenting).

[33] Docket 31 at 3 (citing *United States v. Barber*, Case No. 3:22-cr-00065-SLG-MMS, 2023 WL 2140526, at *3 (D. Alaska Feb. 21, 2023), *reconsideration denied*, 2023 WL 4157177 (D. Alaska June 23, 2023)).

[34] Docket 24 at 20.

Case No. 3:23-cr-00026-SLG-KFR, *USA v. Owens*
Order re Defendant's Motion to Dismiss Indictment
Page 7 of 8
Case 3:23-cr-00026-SLG-KFR   Document 34   Filed 08/17/23   Page 7 of 8

substantial risks of confrontation that can lead to immediate violence,"[35] should be an exception to § 922(g)(1). Mr. Owens has thus failed to explain how § 922(g)(1) is unconstitutional as applied to him.

## CONCLUSION

In light of the foregoing, *Defendant's Motion to Dismiss Indictment* at Docket 24 is DENIED.

DATED this 17th day of August, 2023, at Anchorage, Alaska.

                                             */s/ Sharon L. Gleason*
                                             UNITED STATES DISTRICT JUDGE

---

[35] *Alaniz*, 69 F.4th at 1130 (citations omitted).

Case No. 3:23-cr-00026-SLG-KFR, *USA v. Owens*
Order re Defendant's Motion to Dismiss Indictment
Page 8 of 8
Case 3:23-cr-00026-SLG-KFR   Document 34   Filed 08/17/23   Page 8 of 8